ORSON J. FERGUSON, Appellant, v. STEPHEN H. CRAWFORD and others, Respondents.

*Unauthorized appearance — forged notice of — effect of.*

An appearance by an attorney, without authority so to do, gives jurisdiction to the court in which the action is pending, and the subsequent proceedings therein cannot be attacked in a collateral proceeding, on the ground that such appearance was unauthorized or forged.

Appeal from a judgment in favor of the defendants, in an action brought for the foreclosure of a mortgage on premises on which a first mortgage had been foreclosed, in an action in which the present plaintiff appeared by attorney. Plaintiff offered to show that the notice of appearance was a forgery; the evidence was excluded.

*Wm. F. Purdy*, for the appellant.

*J. O. Dykman*, for the respondents.

Barnard, P. J.:

This appeal presents a question which has been the occasion of long and serious disagreement between judges. The plaintiff seeks to foreclose a second mortgage on a piece of property situated in Westchester county. The defense is, that there was a prior mortgage on the same premises which, many years ago, was foreclosed; that defendant was a party in the foreclosure suit, and that the defendant Purdy, who is now the owner, became such through the purchaser at the foreclosure sale, who was a stranger to the title. The plaintiff (then defendant) appeared in the action for the foreclosure by John N. Mills. The plaintiff offers to prove, in this action, that Mills had no authority from him, and did not, in fact, appear, but his notice of appearance was a forgery. An appearance, without authority, has been held, in this State, to give jurisdiction, and could not be attacked collaterally. (*Brown* v. *Nichols*, 42 N. Y., 26; *Denton* v. *Noyes*, 6 Johns., 296.)

In *Brown* v. *Nichols*, the court says: "I think a party should always seek relief for an unauthorized appearance, in the suit in which it has been put in, when the rights and equities of all parties can best be protected;" also, "if a party will omit to apply to the

court for relief, he should not be allowed to attack proceedings collaterally upon such ground." The rule rests upon grounds of public policy, and not wholly upon the law of agency. The judgment in the foreclosure action was ordered by the court, on certain evidence of service on the several defendants. A formal appearance and waiver of objection is annexed to the roll signed by a respectable attorney of the court. The plaintiff says it is forged. That is not an issue to be tendered to a *bona fide* purchaser at a foreclosure sale, in a collateral action. In the foreclosure action all the parties can be protected. I do not see that the question of the forgery of the notice of appearance takes the case out of the rule laid down by the Court of Appeals.

Judgment affirmed, with costs.

TALCOTT, J., concurs. PRATT, J., not sitting.

Ordered accordingly.